DONATO De LUCA, ADMINISTRATOR OF THE ESTATE OF DECIO De LUCA, AND DONATO De LUCA, ADMINISTRATOR AD RESPONDENDUM OF THE ESTATE OF DECIO De LUCA, PLAINTIFF, v. LYMAN L. BODMAN, DEFENDANT.

Decided June 23, 1938.

For the plaintiff, *Ferdinand D. Masucci.*

For the defendant, *Franklin J. Marryott.*

FLANNAGAN, C. P. J.   This is a motion to strike the first count of the plaintiff's complaint.

The first count alleges a cause of action by Donato De Luca as general administrator of the estate of Decio De Luca, deceased, for pain and suffering, medical expenses, and loss

(1)

of earnings suffered by deceased during the period between the time of an accident and his death, which accident, it alleges, was due to the negligence of defendant and caused such pain, suffering, &c., as well as said death.

The accident is alleged to have occurred February 19th, 1938, and the death February 22d, 1938, so that the accident and death occurred after the Revised Statutes of 1937 went into effect (December 20th, 1937).

The ground of the motion is that the Revised Statutes failed to provide that causes of action for tortious injuries to the person should survive the death of the injured person as was done by the Compiled Statutes (2 *Comp. Stat.*, *p.* 2260), and that therefore the Revised Statutes of 1937 operated to repeal 2 *Comp. Stat.*, *p.* 2260, and hence the common law rule that such causes of action do not survive applies to the cause of action alleged in the first count.

There was a statute passed subsequent to the enactment of the Revised Statutes (chapter 29, laws 1938), which preserves the right of action for tortious personal injuries, and it is said that the omission to provide for the survivorship of such a right of action was an oversight on the part of the revisers and that this said act of 1938 was passed to correct this mistake. Be that as it may, the act of 1938 did not go into effect until March 18th, 1938, hence, the Revised Statutes as originally enacted were in effect at the time of the death of the said deceased, and this "corrective statute" has no bearing on the present case.

The preparation of the Revised Statutes was authorized by the legislature by chapter 73, laws 1925, and it is urged that the language of that act gave no power to the revision commission to change prevailing statutes where the construction thereof had been established by judicial decision, and that the then prevailing statute, 2 *Comp. Stat.*, *p.* 2260, preserving survivorship of a right of action for tortious personal injury having received judicial construction it still remained in force.

It is obvious that the revisers had no power to change any existing statute law and that their power was limited to mak-

ing a report to a subsequent legislature. It is of no great consequence what limitations, restrictions, or instructions the 1925 legislature imposed upon the revisers. These instructions or restrictions had no binding effect upon a subsequent legislature and the fact remains that the revisers presented a "Revision" to the legislature of 1937 together with a bill which provided that "the revision * * * presented to the legislature by the commission * * * is hereby adopted as all the public statute law of the State of New Jersey of a general nature," and that the legislature of 1937 enacted this bill and that it became the law upon approval by the governor. (Chapter 188, laws 1937, approved December 2d, 1937.)

It is difficult to conclude that a provision that the revision is to be taken as embodying "all the public statute law of the state" is intended to mean that there is public statute law of the state to be found elsewhere.

I conclude that the Revised Statutes of 1937 having failed to provide for survivorship of plaintiff's alleged cause of action for tortious injuries to plaintiff's testator, that such action did not survive and that the motion must be granted.